**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANDRE KIMBOKO; PRISCILLA J.
KIMBOKO,

      Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,
on behalf of its Agent, the Internal
Revenue Service,

      Defendant-Appellee.

Nos. 03-1145
03-1146
03-1147
03-1148
03-1150
03-1151
03-1152
(D.C. Nos. 02-D-69 (PAC)
through 02-D-75 (PAC))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

---

After examining the briefs and appellate records, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Appellants Andre and Priscilla Kimboko appeal from the district court's dismissal of their seven complaints seeking refunds of previously paid tax penalties under 26 U.S.C. § 7422. [1]  The penalties were assessed because of late payment of employment tax liabilities.  Each complaint related to a separate quarter, specifically, the fourth quarter of 1987, the last two quarters of 1988, and all four quarters of 1989.  The district court determined that the complaints should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because Appellants failed to timely file administrative claims for refunds.  We review the dismissal of Appellants' complaints de novo, applying the same standard as the district court.  *See U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999).

Appellants raise the following issues: 1) whether a remand order tolls the statute of limitations under certain conditions; 2) whether a court is required to

---

[1]  Appellants' complaints also contained claims for civil damages under 26 U.S.C. § 7433(b).  The district court dismissed these claims for failure to state a claim upon which relief can be granted.  Appellants did not raise any issue with respect to these dismissals in their opening brief.  *See* Aplts' Br. at 10, 13, and 14.  Failure to raise an issue in the opening appellate brief waives that issue. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

comply with Rule 52(a) in a trial without a jury;[2] and 3) whether venue is proper in the District of Colorado.[3]

After careful review of the record on appeal and the applicable legal standards, we conclude that the district court correctly decided this case. Therefore, we AFFIRM the district court's judgment for the reasons stated in its Order filed March 26, 2003.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[2] This issue was not raised below so it will not be considered by this court. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

[3] This issue is moot because we agree with the district court that these complaints should be dismissed for lack of subject matter jurisdiction.